[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15026
Non-Argument Calendar

_____

D. C. Docket No. 03-00072-CV-JEG-2

DENISE WAGNER,

Plaintiff-Appellant,

versus

MURPHY OIL USA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 27, 2005)

Before ANDERSON, CARNES and GODBOLD, Circuit Judges.

PER CURIAM:

The crux of this case is whether Denise Wagner was entitled to overtime under the Fair Labor Standards Act (FLSA). A jury decided that her employer, Murphy Oil USA, Inc., did not have to pay her overtime because as a manager she fit within the FLSA's executive exception. The district court correctly refused to set aside the jury's verdict.

Murphy Oil, along with its petroleum refining and processing business, operates a number of stores across the southwest United States where it sells its petroleum products. Wagner was employed as a site manager with Murphy Oil from November 2000 through January 2003 working first at a store in Brunswick, Georgia and later in Madison, Alabama. Her duties as site manager included overseeing and training store employees, preparing paperwork, and controlling inventory. Wagner typically supervised at least two employees. Her duties as site manager often overlapped with those of the hourly employees. For instance, she might operate a cash register or clean the store restrooms. She initially received a monthly salary of approximately $2,100 which was ultimately increased to $2,600 per month. She regularly worked over forty hours a week and never received overtime pay from Murphy Oil because Murphy Oil claimed she was exempt from the overtime provisions of the FLSA as an executive employee.

The FLSA requires employers to pay covered employees 1.5 times their

regular hourly rate for each hour worked in excess of forty per week. 29 U.S.C. § 207. Workers employed in a "bona fide executive capacity" are exempt from the overtime pay requirement. 29 U.S.C. §213(a)(1). The Department of Labor regulations set forth two alternatives that can be used to determine whether an employee is "employed in a bona fide executive capacity." The first is set forth in 29 C.F.R. § 541.1 subsections (a) through the first part of subsection (f). The latter part of subsection (f) provides the "short test." See 29 C.F.R. § 541.1; Brock v. Norman's Country Mkt., Inc., 835 F.2d 823, 826 (11th Cir. 1988). The "short test" is used when the employee is (1) paid on a salary basis (2) of not less than $250 per week (3) for primary duty of managing a recognized department or subdivision and (4) regularly directs two or more employees. 29 C.F.R. § 541(f). The regulations put substance before form. They specifically require an examination beyond an employee's title to the specific duties performed by the employee to determine whether the employee's primary duty is management. See 29 C.F.R. § 541.103 (defining primary duty); 29 C.F.R § 541.102 (defining management). The burden of proving that an employee fits within the executive exception falls on the defendant. Brock, 835 F.2d at 826.

It is undisputed that Wagner received a salary above the $250 per week threshold. See 29 C.F.R. § 541.118(a) (defining salary as regular payments on a

3

weekly or less frequent basis which are not subject to reduction due to poor performance). The only real issue was whether she was paid primarily for managerial responsibilities and supervised at least two employees. The jury heard testimony that Wagner's position with Murphy Oil met these two requirements. After the district court instructed the jury on Murphy Oil's burden to show that Wagner fit within the executive exception the jury found that Murphy was not entitled to overtime pay. The trial court refused Wagner's motion to set aside the jury's finding. Wagner argues on appeal that her performance of non-executive employee jobs such as stocking shelves and cleaning toilets precluded the jury's finding that she was not entitled to overtime. She challenges the district court's denial of her partial motion for summary judgment, the jury instruction on Murphy's Oil's burden of proving the executive exception for overtime pay, and the district court's refusal to set aside the jury's verdict.

Wagner's challenge to the district court's refusal to grant her motion for partial summary judgment is a non-starter. We "will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits." Lind v. United Parcel Serv., 254 F.3d. 1281, 1286 (11th Cir. 2001). We also find no error in either the jury instruction or the district court's refusal to set aside the jury's determination that Wagner fit within the executive exception and was not

4

entitled to overtime wages.

**AFFIRMED.**